Daniel L. GREEN, Petitioner—
Appellant,

v.

Robert O. LAMPERT, Respondent—
Appellee.

No. 01–35927.
D.C. No. CV–99–00501–AH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2003.

Decided Aug. 8, 2003.

Before SCHROEDER, Chief Judge,
HUG, and BERZON, Circuit Judges.

### MEMORANDUM*

Daniel Green ("Green") appeals the district court's denial of his petition for habeas corpus. Green asserts that the Oregon State Board of Parole and Post–Prison Supervision ("Board") retroactively applied to his case a statutory amendment which, he argues, made it more difficult for him to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

obtain release from prison and thereby violated the Ex Post Facto Clause. The district court denied his petition. Because the parties are familiar with the facts, we recount them only as necessary to explain our decision. We affirm.

We review de novo a district court's denial of a habeas corpus petition. *See Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir.2001). The Ex Post Facto Clause prohibits "laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *See California Dep't of Corr. v. Morales*, 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (internal quotation marks omitted). A law violates the Ex Post Facto Clause if it "worsens conditions imposed by its predecessor," by, for example, making parole more difficult to obtain. *See Weaver v. Graham*, 450 U.S. 24, 33, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

Green argues that the 1993 amendment to § 144.228 gave the Board discretion to disregard the psychiatrist's findings, whereas under former § 144.228, favorable psychiatric findings would have required the Board to grant parole. To determine whether an amendment to a statutory scheme operates to a petitioner's detriment, we must examine *in toto* both the old and new versions of the statute. *See Dobbert v. Florida*, 432 U.S. 282, 294, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

Both current and former § 144.228 condition parole release on a finding either that a prisoner sentenced as a "dangerous offender" is no longer dangerous or that his condition can be controlled with supervision and treatment following release. *See* Or.Rev.Stat. § 144.228 (1985) and (2003). Both versions also explicitly vest the Board with the authority to determine parole eligibility. *See id.* This authority necessarily means that *the Board* determines whether a prisoner remains dangerous.

Indeed, both versions of § 144.228 require the Board to "consider" several specific pieces of information *in addition to* the psychiatrist's report, each of which is relevant to a determination of present dangerousness. *See* §§ 144.228(2)(a)—(b). Moreover, both versions of the statute describe the psychiatrist's report as only an aid to this determination. *See* § 144.228(2)(a). There would be no reason for the Board to "consider" any additional information if a psychiatrist's favorable finding alone required release.

Considered *in toto*, both the former and current versions of § 144.228 vest in the Board the same authority to deny parole even if the psychiatrist finds the prisoner is no longer dangerous. The 1993 amendment clarified the law but did not change it. As there was no substantive change in the pertinent law between the time Green committed his crime and the time the Board denied him parole, there is no basis for an Ex Post Facto challenge.

Green argues, however, that whatever the two versions of § 144.228 say on their faces, the Board *interpreted* the former version as requiring release when the psychiatrist's report was favorable. The legislative history of the 1993 amendment does indicate that the Board held this view of § 144.228 in 1993.

We need not determine whether an informal interpretation, particularly one that appears to be in error given the statutory language, could ever be the basis for an Ex Post Facto challenge. *Cf. Garner v. Jones*, 529 U.S. 244, 256–57, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000) (remanding where a court of appeals failed to consider evidence of a "formal, published statement as to how the Board intends to enforce its Rule"). Green has adduced no evidence that the Board interpreted the statute in 1985, when he committed his crimes, as it did in 1993. As of 1985, the Board had

promulgated only one regulation on this topic. That regulation prohibited release when the psychiatrist found the prisoner remained dangerous, but did not require release when the psychiatrist's report was favorable. *See* Or. Admin. R. 255–38–005 (1985). The 1985 regulation is, at most, of neutral value to Green's position.

Given the substantive identity of the governing statutes in 1985 and 1993 and the lack of evidence of the Board's informal policies as of 1985, Green cannot demonstrate that the 1993 amendment changed § 144.228 in a way that disadvantaged him. He has therefore failed to demonstrate that the Board's 1994 decision denying him parole constituted a retroactive application of new law that increased his punishment. Accordingly, the district court's decision to deny his petition is **AFFIRMED.**